**Appellate Department, Superior Court, Los Angeles**

[Crim. A. No. 3585. May 6, 1957.]

THE PEOPLE, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

E. D. Yeomans and John G. Thorpe for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Respondent.

SWAIN, J.—The defendant was charged in count one of the complaint with violating Health and Safety Code, section 24242, and in count two with violating rule 57 of the Rules and Regulations of the Air Pollution Control District of the County of Los Angeles. It was convicted on each count and sentenced to pay a fine of $250 on each. The execution of the sentence was suspended. and probation granted. The appeal is from the order granting probation. This involves a review of the matters leading up to the judgment.

Health and Safety Code, section 24242, reads as follows:

"Discharge of air contaminants: Shade and opacity. A person shall not discharge into the atmosphere from any single source of emission whatsoever any air contaminant for a period or periods aggregating more than three minutes in any one hour which is:

(a) As dark or darker in shade as that designated as Number 2 on the Ringelmann Chart, as published by the United States Bureau of Mines, or

(b) Of such opacity as to obscure an observer's view to a degree equal to or greater than does smoke described in subsection (a) of this section."

 It is undisputed that the fire in question was on property of the defendant and that the smoke from it was of a shade and opacity forbidden by the section. There is no competent evidence that any employee or agent of the defendant started the fire. However, the defense witness, Dalzell, who was employed by the defendant as a signal maintainer, testified that he saw the fire burning when he came to work at 6:45 a.m. It is undisputed that the fire burned until after 11 a.m. There is no evidence that the defendant made any effort to control it.

 We hold it to be the law that the owner or person in control of real property who has notice or knowledge that a continuing condition exists on such property which violates the said smog law and who thereafter fails to use reasonable care to abate such condition, is liable therefor in the same manner as the one who first created it. Civil Code, section 3483, applies this rule to a nuisance created by a defendant's predecessor in title, although it does not extend to third persons generally. Health and Safety Code, section 13008, applies this rule specifically to damage by fire and reads: "Any person who allows any fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire." This, of course, deals with civil liability but extends to any fire even though not started by the owner or occupier. In *City of Turlock* v. *Bristow* (1930), 103 Cal.App. 750 [284 P. 962], which involved an injunction, the same rule was applied to the subsequent owner of an easement in an open ditch which was unsanitary and a nuisance. At page 754 the court said: "But appellants assert that the evidence fails to prove they created this situation. It was, however, a continuing nuisance,

which they suffered to exist. [Citing case.] Every successive owner of property who neglects to abate a continuing nuisance upon, or in the use of such property, created by the former owner, is liable therefor in the same manner as the one who first created it. (Civ. Code, § 3483.) It was the duty of the defendants to maintain the ditch in a reasonably sanitary condition. . . . The appellants contend that the record is devoid of evidence that the defendants were served with notice to abate the nuisance, and that such notice is a prerequisite to the instituting of this action for abatement. This was a continuing, visible, public nuisance which was permitted by the defendants to exist for many years. Under such circumstances they will be deemed to have had knowledge of the nuisance and notice thereof.''

Health and Safety Code, section 24242, does not limit liability to the one who lit the offending fire. It makes anyone criminally liable who ''discharges'' the smoke contaminant into the atmosphere. The owner or occupier of land, after notice or knowledge of a fire on his property, has the right to control it and thereupon becomes a person who discharges the smoke into the atmosphere; in other words, a duty to control the contaminant is by this section placed on such property owner or occupier. ██ The implied finding of the court is that the defendant had notice or knowledge of the fire for a period of time sufficient to enable it to abate the smoke and that it failed to take any action. This is supported by the evidence.

██ The defendant was also convicted, count two, of violating rule 57 of the Air Pollution Control District of the County of Los Angeles, which prohibits burning combustible refuse in an open, outdoor fire. Respondent admits that the conviction on both counts cannot stand. The order on count one is affirmed. The judgment and order on count two are reversed with directions to dismiss count two.

Bishop, P. J., and Kauffman, J., concurred.